IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLEN RACY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-00933 |
| CW WYNN, LLC & CHARLES WILLIAM WYNN, | § § | |
| | § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Allen Racy ("Plaintiff") files this Original Complaint against CW Wynn, LLC and Charles William Wynn (collectively "Defendants") showing the Court as follows:

## INTRODUCTION

1. Defendants misclassified Plaintiff as "exempt" from overtime under the Fair Labor Standards Act ("FLSA") and, as result, deprived him of overtime compensation to which he was entitled under the FLSA. 29 U.S.C. § 201, *et. seq*. Plaintiff brings this suit to recover what he is owed under the law.

## THE PARTIES AND JURISDICTION

2. Plaintiff Allen Racy is a natural person residing in Fort Bend County, Texas. Plaintiff's employment with Defendants began and ended after February 1, 2014. He has standing to file this lawsuit.

3. Defendant CW Wynn, LLC is a Texas business with its principal place of business in Williamson County, Texas. It may be served with process through its registered agent at: 2404 New Hope Spur, Cedar Park, Texas 78613.

4. Defendant Charles William Wynn is an individual who may be served with process at 2404 New Hope Spur, Cedar Park, Texas 78613.

5. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. At all relevant times, each Defendant has done business in the State of Texas.

6. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically pursuant to the FLSA.

7. Venue is appropriate under 29 U.S.C. § 1391(b)(2) ("A civil action may be brought in—(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

## FACTUAL AND LEGAL BACKGROUND

8. Plaintiff was a Safe Technician for Defendants. Plaintiff was a manual laborer who performed the duties of a locksmith.

9. Plaintiff was paid a flat salary plus occasional commission pay.

10. Plaintiff typically worked more than 40 hours in a workweek. Defendants did not pay Plaintiff overtime compensation in the weeks in which he worked over 40 hours.

11. Given the job duties of Plaintiff, Defendants misclassified Plaintiff as being exempt from overtime under the FLSA. Accordingly, Defendants owe Plaintiff unpaid overtime and other damages provided for by the FLSA.

## FLSA CLAIM FOR OVERTIME PAY

12. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et. seq*.

13. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). The

exemptions to this rule are narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001). No exemption applies in this case.

14. All conditions precedent, if any, to this suit, have been fulfilled.

15. At all material times, Plaintiff was an employee under the FLSA. 29 U.S.C. § 203(e).

16. At all material times, Defendants were eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

17. At all material times, Plaintiff was a manual laborer to whom no exemption under the FLSA applies.

18. At all material times, Plaintiff typically worked in excess of 40 hours per seven-day workweek and Defendants knew or should have known that to be true.

19. At all material times, Plaintiff was entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

20. At all material times, Defendants failed to pay Plaintiff overtime compensation for hours worked over 40 in a seven-day workweek.

21. From February 1, 2014, through the filing date of this lawsuit, Defendants did not pay overtime to Plaintiff.

22. From February 1, 2014, through the filing date of this lawsuit, Defendants have treated Plaintiff as if he were exempt from overtime under the FLSA.

23. Accordingly, Plaintiff seeks overtime pay earned for the time in which Plaintiff worked for Defendants from the start through the end of Plaintiff's employment.

24. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

25. Plaintiffs are entitled to liquidated damages. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

26. Plaintiffs are entitled to reasonable attorney's fees. The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

## JURY DEMAND

27. Plaintiff demands a jury trial.

## DAMAGES AND PRAYER

Plaintiff asks that the Court issue a summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

    a. Actual damages in the amount of unpaid overtime wages under the FLSA;

    b. Liquidated damages under the FLSA;

    c. Pre-judgment and post-judgment interest;

    d. Court costs;

    e. Reasonable attorneys' fees under the FLSA; and

    f. All other relief to which Plaintiffs are entitled under the FLSA.

Respectfully submitted,

By: <u>s/ Ahad Khan</u>
Ahad Khan
State Bar No. 24092624
S.D. Texas ID No. 2981398
712 Main Street, Suite 900
Houston, TX 77002
(713) 401-3558 – Telephone
ak@ahadkhanlaw.com – Email

ATTORNEY FOR PLAINTIFF